UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHERI ROSEN

                      Plaintiff,

v.

GGP STATEN ISLAND MALL, LLC AND
GS PORTFOLIO HOLDINGS LLC

                    Defendants.
------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Cheri Rosen (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants GGP Staten Island Mall, LLC and GS Portfolio Holdings LLC (together referred to as "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.  This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-

mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff Cheri Rosen has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff Cheri Rosen has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendants GGP Staten Island Mall, LLC and GS Portfolio Holdings LLC own separate parcels of real property in Richmond County, New York that are part of a jointly operated shopping center site known by its trade name, the Staten Island Mall. The Staten Island Mall contains common areas (including the Ring Road surrounding the site) for walkways, pedestrian passage, motor vehicle parking and passage located on each defendant's separate parcels. Defendants also benefit from easements for the purpose of maintaining, repairing and reconstructing the common areas at the Staten Island Mall, including easements for self-help to perform required maintenance, repairs, and reconstruction to the common areas The Staten Island Mall is bounded by Richmond Hill Road, Marsh Avenue, Platinum Avenue and Richmond Avenue and has an advertised address of 2655 Richmond Avenue in Richmond County, New York (hereinafter referred to as the "Staten Island Mall" premises).

8. Each defendant is licensed to and does business in New York State.

9. At all relevant times, Defendants operate and/or lease property located at the Staten Island Mall premises

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Staten Island Mall premises located at 2655 Richmond Avenue, within the meaning of the ADA (42 U.S.C.

§ 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

11. The Staten Island Mall premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

12. Numerous architectural barriers exist at the Staten Island Mall premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

13. Upon information and belief, at some time after January 1992, alterations were made to the Staten Island Mall premises, including areas adjacent, related and/or attached to the Staten Island Mall premises.

14. Within the past three years of filing this action, Plaintiff attempted to and desired to access the Staten Island Mall premises.

15. The services, features, elements and spaces of the Staten Island Mall premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

16. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Staten Island Mall premises that are open and available to the public.

17. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

18. Upon information and belief, barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Staten Island Mall premises as well as architectural barriers that exist include, but are not limited to, the following:

   I. There is no accessible route within the site from the s44/s59 bus stops at Ring Road/Platinum Avenue to any of the building entrances.
   *Defendants fail to provide that at least one accessible route shall be provided within the site from public transportation stops, public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

   II. The bus shelter at the s44/s59 bus stop at Ring Road (west side)/Platinum Avenue blocks the clear width of the slope run and top landing of the curb ramp.
   *Defendants fail to provide a minimum slope run clear width of 36 inches. See 1991 ADA § 4.8.3; 2010 ADA § 405.5; 1968 Ref Std § 4.8.3; 2008 Ref Std § 405.5; and 2014 Ref Std § 405.5.*

5

*Defendants fail to provide a clear landing at least as wide as the ramp run leading to it. See 1991 ADA § 4.8.4(1); 2010 ADA § 406.4; 1968 Ref Std § 4.8.4(1); 2008 Ref. Std § 406.7 and 2014 Ref Std § 406.7.*
*Defendants fail to provide a landing with a minimum length of 60 inches clear. See 1991 ADA § 4.8.4(2); 1968 Ref Std § 4.8.4(2).*
*Defendants fail to provide a landing with a minimum length of 36 inches clear. See 2010 ADA § 406.4; 2008 Ref. Std § 406.7 and 2014 Ref Std § 406.7.*

III. The surface of the curb ramp at the s44/s59 bus stop at Ring Road (west side)/Platinum Avenue lacks detectable warning textures.
*Defendants fail to provide a detectable warning texture extending the full width and depth of the curb ramp, including any flares. See 1991 ADA § 4.7.7; and 1968 Ref Std § 4.7.7.*

IV. The surface of the curb ramp at the s44/s59 bus stop at Ring Road (west side)/Platinum Avenue has large and multiple cracks and is not smooth.
*Defendants fail to provide floor and ground surfaces that are stable, firm and slip resistant. See 1991 ADA § 4.5.1; 2010 ADA § 302.1; 1968 Ref Std § 4.5.1; 2008 Ref Std § 302.1; and 2014 Ref Std § 302.1.*

V. The transition from the curb ramp at the s44/s59 bus stop at Ring Road (west side)/Platinum Avenue to the adjoining street is not flush.
*Defendants fail to provide that the transitions from ramps to walks, gutters or streets shall be flush and free of abrupt changes. See 1991 ADA § 4.7.2.*
*Defendants fail to provide that the adjacent surfaces at transitions at curb ramps to walks, gutters and streets shall be at the same level. See 2010 ADA 406.2; 2008 Ref. Std § 406.2; and 2014 Ref Std § 406.2.*

VI. The general circulation path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store lacks an accessible curb ramp on the west side of the sidewalk.
*Defendants fail to provide a curb ramp wherever an accessible route crosses a curb. See 1991 ADA § 4.7.1; 1968 Ref Std § 4.7.1*
*Defendants fail to provide that changes in levels greater than ½ inch high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VII. The general circulation path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store is not maintained to contain an accessible route/walking surface with a 36-inch minimum clear width.
*Defendants fail to provide an accessible route/walking surface with a 36-inch minimum clear width. See 1991 ADA § 4.3.3; 2010 ADA § 403.5.1; 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014 Ref Std § 403.5.*

VIII. The surface of the general circulation path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store has large and multiple cracks and is not smooth.
*Defendants fail to provide floor and ground surfaces that are stable, firm and slip resistant. See 1991 ADA § 4.5.1; 2010 ADA § 302.1; 1968 Ref Std § 4.5.1; 2008 Ref Std § 302.1; and 2014 Ref Std § 302.1.*

IX. The surface of the diagonal curb ramp located on the east side of the path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store has large and multiple cracks and is not smooth.
*Defendants fail to provide floor and ground surfaces that are stable, firm and slip resistant. See 1991 ADA § 4.5.1; 2010 ADA § 302.1; 1968 Ref Std § 4.5.1; 2008 Ref Std § 302.1; and 2014 Ref Std § 302.1.*

X. The diagonal curb ramp located on the east side of the path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store is not contained within the marked crossings.
*Defendants fail to provide a minimum of 48 inches of clear space at the bottom of a diagonal curb ramp that are contained within provided marked crossings. See 1991 ADA § 4.7.10; 2010 ADA § 406.6; 1968 Ref Std § 4.7.10; 2008 Ref. Std § 406.10; and 2014 Ref Std § 406.10.*

XI. The diagonal curb ramp located on the east side of the path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store does not have a segment of curb 24 inches long minimum located on each side of the curb ramp and within the marked crossing.
*Defendants fail to provide that diagonal curb ramps with flared sides shall have a segment of curb 24 inches long minimum located on each side of the curb ramp and within the marked crossing. See 1991 ADA § 4.7.10; 2010 ADA § 406.6; 1968 Ref Std § 4.7.10; 2008 Ref. Std § 406.10; and 2014 Ref Std § 406.10.*

XII. The transition from the diagonal curb ramp located on the east side of the path/sidewalk between the s44/s59 bus stop at Ring Road (east side)/Platinum Avenue and the LiDL grocery store to the adjoining street is not flush.
*Defendants fail to provide that the transitions from ramps to walks, gutters or streets shall be flush and free of abrupt changes. See 1991 ADA § 4.7.2.*
*Defendants fail to provide that the adjacent surfaces at transitions at curb ramps to walks, gutters and streets shall be at the same level. See 2010 ADA 406.2; 2008 Ref. Std § 406.2; and 2014 Ref Std § 406.2.*

XIII. There is no accessible route within the site from the s44/s59 bus stops at Ring Road (near Macy's) to any of the building entrances.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public transportation stops, public streets*

   *and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

XIV. The general circulation path/sidewalk at the s44/s59 bus stop at Ring Road (near Macy's) (east side) lacks an accessible curb ramp.
*Defendants fail to provide a curb ramp wherever an accessible route crosses a curb.  See 1991 ADA § 4.7.1; 1968 Ref Std § 4.7.1*
*Defendants fail to provide that changes in levels greater than ½ inch high shall be ramped.  See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

XV. An accessible route is not provided from the public street and sidewalk (Platinum Avenue) to the building entrances.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

XVI. An accessible route is not provided from the public street and sidewalk (Ring Road) to the building entrances.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

XVII. An accessible route is not provided from the public street and sidewalk (Richmond Avenue) to the building entrances.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

19. Upon information and belief, a full inspection of the Staten Island Mall premises will reveal the existence of other barriers to access.

20. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Staten Island Mall premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that

Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

21. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

22. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

23. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Staten Island Mall premises continue to exist and deter Plaintiff.

24. Plaintiff frequently travels to the area where the Staten Island Mall premises is located.

25. Plaintiff intends to patronize the Staten Island Mall premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

26. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Staten Island Mall premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

27. Plaintiff intends to patronize the Staten Island Mall premises several times a year as "tester" to monitor, ensure, and determine whether the Staten Island Mall

premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

28. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

29. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

30. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

31. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

32. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

33. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

34. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

35. The Staten Island Mall premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

36. Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

37. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

38. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

39. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

40. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

41. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

42. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

43. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

44. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

45. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

46. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

47. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

48. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

49. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

50. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

51. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

52. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

53. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

54. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

55. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

57. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

58. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative

14

Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

59. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

60. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

61. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

62. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

63. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

64. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public

15

sidewalk.  As a result, Defendants continuously controlled, managed, and operated the public sidewalk abutting the Staten Island Mall, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

65. Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

66. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

67. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

68. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

69. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

70. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

71. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

72. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

73. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

74. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

75. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

76. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

77. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

78. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

79. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

80. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

81. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

82. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

      H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

      I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 24, 2022
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:   /s  _____
    Robert G. Hanski, Esq.
    Attorneys for Plaintiff
    40 Worth Street, Suite 602
    New York, New York 10013
    Telephone: (212) 248-7400
    Facsimile: (212) 248-5600
    Email: rgh@parkerhanski.com